

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00412-CV

IN THE INTEREST OF T.C.-J., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 095058-E-FM, Honorable Carry Baker, Presiding

February 6, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, K.C., appeals from the trial court's order terminating her parental rights to her child, T.C.-J., in a suit brought by Appellee, the Texas Department of Family and Protective Services.[1]  K.C.'s brief is due February 16, 2026.  Now pending before the Court is a "Motion for Hearing on [K.C.'s] Desire to Proceed Pro Se on Appeal," in which K.C.'s appointed counsel informs the Court that K.C. seeks to represent herself on appeal.

---

[1] To protect the privacy of the parties involved, we will refer to them by their initials.  *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b).

We abate the appeal and remand the cause to the trial court to rule on counsel's motion to withdraw and to determine the following:

1.      whether K.C. still desires to prosecute this appeal;

2.      whether K.C. remains indigent;

3.      if K.C. desires to proceed on appeal pro se, whether her decision to do so is competently and intelligently made, including whether she is aware of the dangers and disadvantages of self-representation on appeal, *see In re M.H.*, 668 S.W.3d 426, 430-31 (Tex. App.—Amarillo 2023, no pet.) (holding that "[a] parent's waiver of the right to counsel [in a parental termination case] must, at the very least, be knowing and intelligent.");

4.      whether new counsel should be appointed to represent K.C.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing matters and shall cause to be developed (1) a clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing.  Due to the time-sensitive nature of an appeal from a parental termination order, the record shall be filed with the Clerk of this Court on or before February 17, 2026.  *See* TEX. R. JUD. ADMIN. 6.2(a).

If the trial court determines that new appellate counsel should be appointed, the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.  Should the trial court determine that the appointment of new counsel is not required, the appeal shall proceed in due course upon reinstatement of the cause on this Court's docket.

It is so ordered.

Per Curiam